UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY SCOTT and BRIDGETT SCOTT, husband and wife,<br><br>    Plaintiffs,<br><br> vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; RECONTRUST COMPANY; CITIBANK, N.A., AS TRUSTEE OF THE CERTIFICATEHOLDER OF CWABS, INC. ASSET-BACKED CERTIFICATE, SERIES 2007-QH2; CWABS, INC., a corporation; and DOE DEFENDANTS I through X, inclusive,<br><br>    Defendants. | Case No.: 2:10-CV-02081-GMN-LRL<br><br>**ORDER** |

**ORDER**

This is a civil action brought by Plaintiffs Jerry Scott and Bridgett Scott against Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company ("ReconTrust"), Citibank, N.A. ("Citibank"), CWABS, Inc. ("CWABS"), Odis Ward, and Doe Defendants I through X, inclusive (collectively "Defendants"). Plaintiffs appear to make the following claims for relief against Defendants: (1) quiet title; (2) unlawful foreclosure; (3) fraud.

Defendants MERS, ReconTrust, and Citibank (collectively "Moving Defendants") have brought a motion to dismiss Plaintiffs' claims which is pled in the alternative, as a motion for a more definite statement. (ECF No. 4.)

The Court will GRANT the Motion to Dismiss without prejudice and with leave to amend. Plaintiffs previously voluntarily dismissed Defendant Odis Ward, the only

defendant named in Plaintiffs' third claim.  Therefore, the motion to dismiss this claim is DENIED as moot.  The Motion to Dismiss is GRANTED as to Plaintiffs' first and second claims.  However, Plaintiff will have 21 days to file a Second Amended Complaint to cure these remaining claims.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed suit in state court on October 13, 2010. (ECF No. 1)  Defendants removed to this Court on November 29, 2010 and filed their Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted or, in the Alternative, Motion for a More Definite Statement ("Motion") on December 6, 2010. (ECF No. 4.)  On that same day, Plaintiffs filed an Amended Complaint (ECF No. 6) then eight days later filed a Motion for Entry of Clerks Default Against Defendant CWABS who had failed to answer and failed to join the motion to dismiss. (ECF No. 12)  Default was entered as to CWABS on December 15, 2010. (ECF No. 14)  On December 30, 2010, Plaintiffs filed Notice of Voluntary Dismissal of Defendant Odis Ward, and the party was terminated. (ECF No. 18)  On Dec. 22, 2010, Plaintiffs filed their Response to the Motion to Dismiss and Defendants filed their Reply. (ECF Nos. 16 & 20).

Plaintiffs Jerry and Bridgett Scott allege that they are the owners of a home located at 881 Lawry Ave., Las Vegas, Nevada, 89106, APN: 139-21-611-010. (Pls.' Am. Compl., ECF No. 6.)  In 2006, Plaintiffs indicated a desire to sell the property, and Plaintiffs' cousin, Katrina Noble, indicated a desire to purchase the property. (*Id.*)  Noble had previously helped Plaintiffs refinance other properties and was trusted by Plaintiffs. (*Id.*)  Noble informed Plaintiffs that they should quitclaim the property to her and she could refinance the property and pay the Plaintiffs $225,000.00. (*Id.*)  Noble presented Plaintiff Jerry Scott with a "Grant, Bargain, Sale Deed" ("Noble Deed") to accomplish this purpose. (*Id*; *see* Noble Deed, Ex. 2, ECF No. 6-1.)  Jerry Scott signed the Noble Deed but Bridgett Scott did not. (Pls.' Am. Compl., ECF No. 6.)  No notary public was

present and said signature was never notarized. (*Id.*)  Noble was informed that before the arrangement could be finalized the terms and conditions of the sale of the home would have to be reduced to writing. (*Id.*)  Later, Noble informed Plaintiffs that she was no longer interested in the property and the Noble Deed would have no force and effect. (*Id.*)

Four months later, Jerry Scott discovered on the internet that the property had been recorded in Noble's name on November 20, 2006. (*Id.*)  Bridgett Scott's signature had been forged on the Noble Deed and Defendant Odis Ward, Noble's stepfather, purported to notarize the Noble Deed. (*Id.*)  However, Ward never notarized any signature of Plaintiffs. (*Id.*)  Noble recorded the Noble Deed and subsequently obtained a loan in the amount of $157,500.00 from Quality Home Loans ("Quality Note"), secured by a Deed of Trust ("Quality Deed") on the property. (*Id*; *see* Quality Deed, Ex. 3, ECF No. 6-1.)  The recordation of the Noble Deed and the Quality Deed and Note were unknown to and unauthorized by the Plaintiffs. (Pls.' Am. Compl., ECF No. 6.)

Noble admitted that Plaintiffs had not deeded the property to her, that she had falsified the Noble Deed, obtained a loan in the amount of $157,500.00, and paid no part of said money to Plaintiffs. (*Id.*)  When Plaintiffs discovered that the property was in Noble's name, they requested and received from Noble a Quitclaim Deed returning the property to Plaintiffs. (*Id*; *see* Quitclaim Deed, Ex. 4, ECF No. 6-1.)

On June 6, 2008, ReconTrust , as trustee under the Quality Deed on behalf of MERS, recorded Notice of Default and Election to Sell against Noble. (ReconTrust Notice of Default, Ex. 1, ECF No. 6-1.)  Plaintiffs filed a lawsuit in state court on July 3, 2008, naming Noble, Ward, MERS, and ReconTrust as defendants in the Eighth Judicial District Court, Case No. A566726. (Pls.' Am. Compl., ECF No. 6.)  At the pretrial conference on July 28, 2010, MERS and ReconTrust stated that MERS was not the owner of the Quality Deed; Citibank was the proper party, as trustee of CWABS. (*Id.*)

Therefore, the state court dismissed the case against MERS and ReconTrust because an indispensable party had not been named. (*Id.*)

**II. RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Federal Rule of Civil Procedure 12(e) provides the basis for a party's Motion for a More Definite Statement:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. … If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. Pro. 12(e). Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### III. ANALYSIS

**A. Quiet Title**

In their first claim for relief, Plaintiffs allege that the Deed of Trust on the property is not a valid lien and encumbrance, and request a judgment declaring the same. (Pls.' Am. Comp. ¶36, ECF No. 6.)  Plaintiffs reference Defendants (MERS, ReconTrust, and Citibank) stating that "Defendants have known for a number of years that Katrina Noble has admitted that she forged the Deed (of Trust) from Bridgett Scott to herself and that, therefore, neither the Deed nor the Deed of Trust executed by Katrina Noble had any validity." (Pls.' Am. Comp. ¶22, ECF No. 6.)  However, Plaintiffs cite no statutory or case law authority to support the association of their claim to these Defendants.

Assuming that this claim is for quiet title, Plaintiffs have failed to state the legal theory, statutory basis or common law basis for their claim.  Also, Plaintiffs have not provided any statutory or common law supporting a determination that those Defendants have no valid or superior claim to the property, even if Defendants "have known for …years that Katrina Noble has admitted that she forged the Deed."  Accordingly, Defendants' Motion to Dismiss is GRANTED as to this claim, without prejudice and with leave to amend.

**B. Unlawful Foreclosure**

Plaintiffs' second claim for relief alleges that "Defendants MERS, Recontrust Company, and the other Defendants have known since they took a sworn statement from Katrina Noble, that the Deed of Trust encumbering Plaintiffs' property is not a valid Deed of Trust." (Pls.' Am. Comp. ¶38, ECF No. 6.)  Plaintiffs' claim further that,

"[d]uring the time period since Defendants have known that they did not have a valid Deed of Trust on the property, the Defendants have continued to proceed with their foreclosure proceedings, and the value of the Plaintiffs property has decreased in an amount in excess of $40,000.00." (Pls.' Am. Comp. ¶40, ECF No. 6.)  Again, Plaintiffs cite no statute or case law supporting the claim for relief.

Plaintiffs have failed to state the legal theory, statutory basis or common law basis supporting relief even if these Defendants "have known that they did not have a valid Deed of Trust on the property."  Accordingly, Defendants' Motion to Dismiss is GRANTED as to this claim without prejudice and with leave to amend.

**C. Fraud on the part of Odis Ward**

Plaintiffs' third claim for relief alleges that "[t]he actions of Defendant Odis Ward in purportedly notarizing the signatures of Plaintiffs, which he never actually did, has caused damages in an amount in excess of $40,000.00." (Pls.' Am. Comp. ¶44, ECF No. 6.) Plaintiffs name no Defendants other than Odis Ward in this claim. Here, also, Plaintiffs cite no statute or case law supporting the claim for relief.

Regardless of the basis for this claim, because Plaintiffs voluntarily dismissed Odis Ward as a Defendant, and because no other Defendants are named here, the claim is moot. Accordingly, Defendants' Motion to Dismiss is DENIED as MOOT as to this claim.

**IV. CONCLUSION**

Plaintiffs' Amended Complaint fails to give Defendants fair notice of the claims against which they must defend.  Furthermore, Plaintiffs' third claim is now moot, since Defendant Odis Ward has been voluntarily dismissed.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED as moot in regards to Plaintiffs' third claim, and GRANTED without prejudice as to Plaintiffs' first and second claims.

IT IS HEREBY ORDERED that if Plaintiffs wish to proceed with their claims, they must file a "SECOND Amended Complaint" consistent with this opinion specifically stating the legal theory, statutory basis or common law basis upon which the Plaintiffs rely in making their first and second claims against Defendants MERS, ReconTrust, and Citibank. Plaintiffs will have 21 days from the date of this Order to file their Second Amended Complaint. Otherwise, the case will be dismissed with prejudice.

DATED this <u>14th</u> day of <u>September</u>, 2011.

_____
Gloria M. Navarro
United States District Judge