# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jerry Scott, and Bridgett Scott,  ) | |
| ) | |
| Plaintiffs,  ) | Case No.: 2:10-cv-02081-GMN-RJJ |
| vs.  ) | |
| ) | **ORDER** |
| Mortgage Electronic Registration Systems,  ) | |
| Inc.; ReconTrust Company; Citibank, N.A.;  ) | |
| CWABS, Inc.; and Bank of America, N.A.,  ) | |
| ) | |
| Defendants.  ) | |

This action, filed by Plaintiffs Jerry Scott and Bridgett Scott, arises out of the foreclosure proceedings initiated against the property located at 881 Lawry Ave., Las Vegas, NV, 89106, APN: 139-21-611-010 ("the property").  Before the Court is the Motion to Dismiss (ECF No. 43) filed by Defendants Citibank, N.A., ("Citibank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company ("ReconTrust"), as well as the Joinder filed by Defendant Bank of America, N.A. ("Bank of America") (ECF No. 44).

## I. BACKGROUND

Plaintiffs originally filed their complaint in state court against MERS, ReconTrust, Citibank, and CWABS, Inc., and Defendants MERS, ReconTrust and Citibank removed the action to this Court. (ECF No. 1.)  Plaintiffs filed a First Amended Complaint before this Court on December 6, 2010, against Defendants MERS, ReconTrust, Citibank, CWABS, Inc., and Odis Ward, an individual. (ECF No. 6.)  Plaintiffs voluntarily dismissed Odis Ward on December 30, 2010. (ECF No. 18.)  On April 6, 2011, Bank of America filed a Motion to Intervene, which the Court granted. (ECF Nos. 25, 36.)

On September 14, 2011, the Court dismissed Plaintiffs' complaint, with leave to file a Second Amended Complaint "specifically stating the legal theory, statutory basis or common

law basis upon which the Plaintiffs rely in making their first and second claims against Defendants MERS, ReconTrust, and Citibank." (Order, ECF No. 37.)

Plaintiffs filed their Second Amended Complaint on October 5, 2011, against Citibank, MERS, ReconTrust, Bank of America, and CWABS, Inc. (ECF No. 38.)  No proof of service for the Second Amended Complaint appears to have been filed as to Defendant CWABS, Inc.

Defendants Citibank, MERS and ReconTrust filed the instant Motion to Dismiss (ECF No. 43) on October 19, 2012, and Bank of America filed a Joinder (ECF No. 44) on October 24, 2011.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*

*Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

This action arises out of the Notice of Default recorded by ReconTrust on June 6, 2008, that was based on a Deed of Trust on the property dated March 15, 2007, executed by Katrina Noble, Plaintiffs' cousin. (*See* Notice of Default, Deed of Trust, ECF No. 38.)  To briefly restate Plaintiffs' claims as previously alleged, Plaintiffs claim that the Deed of Trust executed by Katrina Noble was fraudulent.  From this claim Plaintiffs allege that Defendants' pursuit of foreclosure against the property is unlawful because Defendants knew that the Deed was fraudulent, and that they are entitled to a declaratory judgment that the Deed is fraudulent.

Here, the Court finds that Plaintiffs' Second Amended Complaint fails to cure the deficiencies identified by the Court in its September 14, 2011, Order giving leave to amend. (*See* Second Am. Compl., ECF No. 38; Order, ECF No. 37.)

Plaintiffs repeat verbatim their first claim for relief stating that they "are entitled to a judgment declaring and ordering that the Deed of Trust hereinabove-described is not a valid lien and encumbrance against the Plaintiffs [sic] property hereinabove-described" and merely add the language, "whether said Deed of Trust is held by Defendant MERS, Recontrust Company, CWABS, or Bank of America, N.A." (Second Am. Compl., 5:¶36, ECF No. 38.)

For their second claim for relief, alleging that Defendants have unlawfully proceeded with foreclosure because they knew the Deed was fraudulent, Plaintiffs also repeat substantially the same allegations as in their previous complaint that was dismissed by the Court. (*See id.*; Order, ECF No. 37.)

In particular, Plaintiffs state that "the grantor of the loan is charged with the knowledge that Katrina Noble did not own the property because by inquiring of the Plaintiffs, in residence at the property, would have discovered that Katrina Noble was not the owner of the property." (Second Am. Compl., 3:¶20.)  The Court cannot find that this is sufficient to state a claim

against Defendants for unlawful foreclosure.

In their Response to the motion to dismiss, Plaintiffs cite no law supporting their claims for relief, and solely re-state facts previously alleged or the procedural history of this action. Plaintiffs' arguments all revolve around their claim that the Deed of Trust from Katrina Noble is null and void. However, this is not sufficient to give Defendants fair notice of a legally cognizable claim that they have committed any violation of law, and the grounds on which it rests.

Although it is entirely possible that Plaintiffs may have a valid cause of action against someone, here Plaintiffs have failed to state a valid claim against the named Defendants and have failed to allege sufficient facts showing that a violation is plausible, not just possible. Accordingly, the Second Amended Complaint must be dismissed. Because Plaintiffs are represented by counsel, and have been given several opportunities to amend their pleadings, the Court finds that any further leave to amend would be futile and cause undue prejudice to the Defendants. Accordingly, this action will be dismissed with prejudice, and the case will be closed.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 43) is **GRANTED**. Plaintiffs' Second Amended Complaint is dismissed, with prejudice, as to all Defendants. This order shall close the case.

**DATED** this 19th day of December, 2012.

_____

Gloria M. Navarro
United States District Judge